IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK MCPHAIL,         }
                         }
    Plaintiff,           }
                         }    CIVIL ACTION NO.
v.                       }    04-AR-1221-S
                         }
CITY OF HUEYTOWN, et al.,}
                         }
    Defendants           }

FILED
04 JUL 27 AM 11:00
N.D. OF ALABAMA

ENTERED
JUL 27 2004

## MEMORANDUM OPINION

At the motion docket on July 16, 2004, the court heard oral argument for and against the motions to dismiss filed by defendants, City of Hueytown, Alabama ("Hueytown"), Mike Chesser ("Chesser"), Scott Passmore ("Passmore") and Chris Taylor ("Taylor". This is a police brutality case brought by plaintiff, Patrick McPhail ("McPhail"), claiming that Chesser, Passmore and Taylor pepper sprayed and beat him at the Hueytown jail while they were employed by Hueytown as police officers. McPhail invokes the federal question jurisdiction of this court by asserting a violation of 42 U.S.C. § 1983 by the three police officers. He sues them both in their official capacities and individually. McPhail does not invoke § 1983 in his claims against Hueytown, unless by suing its officers in their official capacities he means to sue Hueytown vicariously under § 1983. His only articulated claims against Hueytown are pendent state claims for negligent retention and training of the officers. The allegation that



McPhail seeks more than $75,000 in damages adds jurisdictional confusion, but is innocuous.

Because Hueytown, a municipality, cannot be liable for a constitutional tort under a theory of *respondeat superior*, and because there is no allegation of a policy or practice by Hueytown that can fairly be described as designed to encourage or to permit police brutality of the sort here alleged, Hueytown's motion to dismiss will be granted.  To the extent McPhail attempts to reach Hueytown on a state tort theory, he runs into the insurmountable dilemma of the immunity afforded this governmental employer by the discretionary function that was admittedly being performed by its employees, or, on the other hand, the protection of the city from tort liability for the deliberate, malicious, statutorily unauthorized acts of its employees.  In order to reach the officers under § 1983, their acts must have been more than mere gross negligence.

The motions to dismiss by the three police officers are based on their contention that they enjoy qualified immunity because the acts complained of are not described with sufficient particularity so that a reasonable police officer would know whether or not his conduct was constitutionally prohibited.  McPhail makes no attempt to state a claim under state law against the officers or any of them.  It is problematical that McPhail has met the pleading standard required in a § 1983 case of excessive force.  However,

2

believing that the allegations of the complaint, while somewhat enigmatic, are adequate to inform defendants of what plaintiff is complaining about, and knowing that a denial of the officers' motion to dismiss on qualified immunity grounds may very well precipitate an immediate appeal, the court will deny the motion to dismiss.

DONE this 27th day of July, 2004.

/s/ William Acker
_____
WILLIAM M. ACKER, JR
UNITED STATES DISTRICT JUDGE

3